STEWART v. COMMISSIONER OF INTERNAL REVENUE.

No. 6729.

Circuit Court of Appeals, Fifth Circuit.

Feb. 8, 1933.

Llewellyn A. Luce, of Washington, D. C., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., Sewell Key and Andrew D. Sharpe, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue and William E. Davis, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

BRYAN, Circuit Judge.

This is a petition to review a second decision of the Board of Tax Appeals as to the amount of estate taxes due on the estate of Niels Esperson deceased. Esperson and his wife, while they were citizens of Texas, accumulated considerable property, which under the laws of that state became community property. In its first decision the Board made findings of fact, to the effect that the community estate owned 999 shares of stock of an oil company which were sold for $5,000,-000, that Esperson gave to his wife half of the proceeds of the sale, but later borrowed from her more than a million dollars, under an agreement between them that he would repay the loan out of his share of the community estate; and it held that by virtue of the agreement the debt became the individual debt of Esperson and should be deducted

in its entirety, from his share of the community estate. 11 B. T. A. 1283. The Commissioner filed a petition here for review, and in his assignments of error he asserted that the Board erred in holding that as a result of the loan there was created "a separate debt deductible in its entirety from one-half the value of such community assets," and in failing to hold that the debt "was one incurred on behalf of the community estate and deductible only from the entire community estate." In reviewing that petition this court held that the evidence was insufficient to prove the alleged agreement and consequently that the deduction should not be made from Esperson's share of the community estate. The concluding paragraph of our opinion is as follows: "For the reason that in our opinion the Board erred in deducting from Esperson's share of the community estate the amounts claimed as loans made to him by respondent, the petition for review is granted, and the cause remanded for further proceedings not inconsistent with this opinion."

Blair v. Stewart (C. C. A.) 49 F.(2d) 257, 259. The Board in its second decision, which is now under review, quotes from that part of our opinion which reads: "It follows that in our view the deduction which the Board made from Esperson's share of the community estate was erroneous. But we are further of the opinion that there should be no deduction from Esperson's estate, even though there had been satisfactory proof of the loss of some or all of the borrowed money." And, construing that language to mean that there should be no deduction whatever on account of the debt which it had found Esperson owed to his wife, the Board redetermined the deficiency assessment without allowing that debt or any part of it to be deducted from the gross estate not only of Esperson but of the community as well. If the debt be deducted from the community estate, the taxes on Esperson's estate would be very much less than it has now been determined to be by the Board, although perhaps no greater than it was determined to be by the Commissioner in the first instance.

The Board in its second decision has misconstrued the effect of our decision upon the first petition for review. In our former opinion we accepted its findings of fact that Esperson had given the stock to his wife, and its conclusion of law that such stock and the proceeds from the sale thereof became her separate property; and we also accepted its finding that out of her separate property she made a loan by virtue of which there arose in her favor a debt. The amount of that debt was not in dispute. If any of it was owing, all of it was owing, and by the same debtor. In the nature of things the debtor had to be either Esperson individually or the community estate. We held that the debt was not that of Esperson for two reasons. The first was that he was not shown to have agreed to repay the loan unless he incurred a loss in investments, and that no loss had been proven. The second reason was that, inasmuch as the evidence did not disclose an actual conveyance of property, as we held was required by the community laws of Texas, the alleged agreement was unenforceable because it did not identify any property which was or could be pledged by Esperson, who had no separate property, to secure a debt. It was in connection with the discussion of these two grounds upon which our decision was based that the language quoted by the Board from our opinion was used. The statement that "no deduction should be made from Esperson's estate," although perhaps a more accurate expression would have been that the deduction should not be so made, is to be viewed in the light of the questions under consideration as they were presented by the assignments of error. The effect of our decision was to sustain the Commissioner's assignments of error which are above quoted. The decisive question was whether the debt as a whole was owing by Esperson as an individual or by the community estate. It was conceded that it was payable as a whole or not at all, and that the debtor was entitled to the whole deduction or none. We decided that the debt was not that of Esperson. We assumed then, and decide now, that it was a joint debt of the community estate. The entire debt should be deducted from the gross value of the community estate.

The petition for review is granted, and the cause remanded for further proceedings not inconsistent with this opinion.